# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10815

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY FLORES ORTIZ, also known as Randy Flores-Ortiz, also known as Blue,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CV-43
USDC No. 6:17-CR-16-1

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2020

Lyle W. Cayce
Clerk

Before CLEMENT, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Randy Flores Ortiz, federal prisoner # 55653-177, pleaded guilty to possessing methamphetamine with the intent to distribute and was sentenced to 327 months of imprisonment. The district court denied his 28 U.S.C. § 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10815

motion on the merits without holding an evidentiary hearing. Ortiz now seeks a certificate of appealability (COA).

If his motion is liberally construed, Ortiz renews his claims that his due process rights were violated when he was not provided with a copy of the presentence report (PSR) until the day before sentencing, depriving him of the opportunity to prepare objections, that trial counsel was ineffective for failing to challenge the sentencing enhancement he received for possession of a firearm, for failing to provide him with the PSR earlier, and for inducing his guilty plea with the promise of a 15-to-17-year sentence,  and that appellate counsel was ineffective for filing an *Anders*[1] brief instead of raising these arguments on appeal.

This court will grant a COA, which is required to appeal, only when the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  For claims denied on the merits, Ortiz must establish that reasonable jurists would find the decision to deny relief debatable or wrong, *see Slack,* 529 U.S. at 484, or that the issue he presents deserves encouragement to proceed further, *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  For claims denied on procedural grounds, he must show "that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Ortiz has not made the requisite showing, and his motion for a COA is denied.  *See id.*  His motion for leave to proceed in forma pauperis (IFP) on appeal is likewise denied.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

No. 19-10815

We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; IFP DENIED; AFFIRMED.